# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, James Brady and Jane Sanem as Trustees of the Minnesota Laborers Vacation Fund, Todd Pufahl and Fred Chase as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, | Civil No: 15-3300 (DWF/HB) |
| Plaintiffs, | **ORDER FOR DEFAULT JUDGMENT AND INJUNCTION** |
| v. | |
| Kamke Contracting, L.L.C., | |
| Defendant. | |

This matter was heard before the undersigned on March 18, 2016. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. The Amended Complaint was filed with the Court on December 2, 2015.

2. The Complaint was served on Defendant Kamke Contracting, L.L.C. ("Kamke Contracting") on December 8, 2015.

3. Kamke Contracting failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Kamke Contracting to answer the Amended Complaint lapsed.

4. The Clerk entered default on December 23, 2015.

5. Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

6. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

7. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA").

8. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

9. Kamke Contracting accepted and agreed to be bound to the terms of a collective bargaining agreement between the Highway Railroad and Heavy Construction Division of the Associated General Contractors of Minnesota and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions with a term of May 5, 2015 through April 30, 2017 ("CBA")

10. The CBA requires Kamke Contracting to submit contributions to the Funds in an amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

11. The CBA requires Kamke Contracting to set forth the amount due and owing for contributions on a remittance report form to be submitted to the Funds with its monthly payment.

12. The CBA requires Kamke Contracting to submit the remittance report and payment to the Funds by the fifteenth day of the following month for which the contributions are due. Any employer whose remittance reports and contributions are not postmarked on or before the fifteenth is considered delinquent.

13. Kamke Contracting breached the terms of the CBA by failing to provide the remittance reports and contributions for the period of April 2015 through December 2015 ("Delinquency Period").

14. The Funds reasonably believe that Kamke Contracting employed individuals during the Delinquency Period for which contributions may be due and owing, and continue to do so.

15. Without the remittance reports, the Funds have no way of determining the amounts due for the Delinquency Period.

16. The CBA provides that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

17. Liquidated damages due and owing for the Delinquency Period cannot be determined until the remittance reports are submitted by Kamke Contracting.

18. The CBAs further provide that a delinquent employer shall be required to pay all reasonable attorney fees and court costs incurred by the Funds.

## CONCLUSIONS OF LAW

1. Kamke Contracting is in default and the Funds are entitled to entry of judgment.

2. After Kamke Contracting submits the remittance reports for the Delinquency Period, Kamke Contracting is liable to the Funds for all fringe benefit contributions and associated liquidated damages found to be due and owing.

3. Kamke Contracting is liable, in an amount to be determined, for the Funds' reasonable attorney fees and costs incurred in pursuing the delinquent contributions.

4. Awarding injunctive relief to enforce the Funds' right to the fringe benefit reports will serve the public interest.

5.      Kamke Contracting will suffer no harm if ordered to produce its employment and payroll records for the Audit Period.

6.      The Funds are entitled to injunctive relief and are not required to provide security pursuant to Fed. R. Civ. P. 65(c) because no harm will befall Kamke Contracting.

7.      Because the Funds' right to the remittance reports for the Delinquency Period is separate and independent from their right to collect contributions, and because an injunction enforcing the Funds' right to the employment and payroll records is a necessary first step in determining the amount of contributions due and owing, there is no just reason for delaying entry of judgment on the requested injunction.  The Court will therefore order entry of judgment as to the Funds' request for injunctive relief under Fed. R. Civ. P. 54(b).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings, herein **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' Motion for Default Judgment and Injunction is **GRANTED**.

2.      Defendant is ORDERED to submit the remittance reports for the Delinquency Period pursuant to the CBA.

3.      Defendant must submit the required report to the Plaintiffs' third-party administrator, Zenith Administrators, 2520 Pilot Knob Road, Suite 325,

Mendota Heights, MN 55120-1396 within ten (10) days of the date on which it is served with a copy of this Order.

    4.    There being no just reason for delay, the Court orders entry of judgment on the foregoing injunction pursuant to Fed. R. Civ. P. 54(b).

    5.    The Court further DECLARES that Defendant is liable to the Plaintiffs for:

        a.    Delinquent contributions and liquidated damages due and owing for the Delinquency Period, pursuant to the CBA; and

        b.    The Plaintiffs' reasonable attorney fees and costs incurred in pursuing delinquent contributions.

    6.    The Court will determine the amount of contributions, liquidated damages, and attorney fees and costs as follows:

        a.    After receiving the payroll and employment records, the Plaintiffs may file and serve a Motion for Entry of a Money Judgment in the amount the Plaintiffs determine that the Defendant owes for delinquent contributions and liquidated damages, as well as reasonable attorney fees and costs.

        b.    Defendant may then file and serve a response to the Plaintiffs' Motion within ten (10) days of the date the Plaintiffs' Motion is served.

    c. The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate.  No hearing will be held unless the Court orders otherwise.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 18, 2016   <u>s/Donovan W. Frank</u>
            DONOVAN W. FRANK
            United States District Judge